LOWNEY, PLAINTIFF AND RESPONDENT, *v.* BUTTE ELECTRIC RY. CO., APPELLANT.

(No. 4,750).

(Submitted October 28, 1921. Decided December 5, 1921.)

[204 Pac. 485.]

*Personal Injuries — Street Railways — Respondeat Superior — Exoneration of Negligent Employee—Nonliability of Employer—Appeal and Error.*

Personal Injuries—Street Railways—*Respondeat Superior*—Effect of Verdict in Favor of Negligent Employee.
   1.  Where, in an action for personal injuries against a street-car company and one of its conductors through whose negligence the injuries were alleged to have occurred, the company being charged with liability under the principle of *respondeat superior*, the jury by its verdict exonerated the conductor—the negligent agent—from culpability, its verdict against the company cannot be sustained, since it could not be held negligent unless the agent was.
Same—Disposition of Appeals Under Above Circumstances.
   2.  Under circumstances such as referred to above, where the judgment in favor of the negligent agent has become final because of failure of plaintiff to appeal from it, a new trial being of no avail, the judgment will be reversed with directions to enter judgment for defendant principal. (See opinion on motion for rehearing.)

*Appeals from Silver Bow County; Edwin M. Lamb, Judge.*

ACTION by Helen Lowney, by William Lowney, her guardian *ad litem*, against the Butte Electric Railway Company and

___

   1.  Effect of servant's discharge from personal liability upon master's liability for servant's act, see notes in 9 Ann. Cas. 660; 21 Ann. Cas. 1013; Ann. Cas. 1915C, 191; 54 L. R. A. 649.

Wilber A. Hoar.    From a judgment in favor of plaintiff, and an order denying its motion for a new trial, defendant company appeals.    Reversed, with directions to enter judgment in favor of defendant.

*Mr. J. L. Templeman, Mr. Sydney Sanner,* and *Mr. Fred J. Furman,* for Appellant, submitted a brief; *Mr. Sanner* and *Mr. Furman* argued the cause orally.

The conductor was joined as defendant, a verdict as to him was rendered and that verdict is a clear-cut acquittal of the conductor.    What can that verdict mean save that the conductor was not negligent?    The case is altogether different from those presented in *Verlinda* v. *Stone & Webster Engineering Co.,* 44 Mont. 223, 119 Pac. 573, *Melzner* v. *Raven Copper Co.,* 47 Mont. 351, 132 Pac. 552, *De Sandro* v. *Missoula L. & W. Co.,* 48 Mont. 226, 136 Pac. 711, and *Mullery* v. *Great Northern Ry. Co.,* 50 Mont. 408, 148 Pac. 323, which might be cited as some authority to the contrary.

In none of the above cases was there an explicit verdict exonerating the man whose guilt is indispensable to the responsibility of the company; on the contrary, the supreme court has intimated more or less strongly in all the above cases that such a situation might call for quite a different conclusion than the one announced, and such intimation is in line with all the authorities that have seriously considered the subject.    (See *Doremus* v. *Root,* 23 Wash. 710, 54 L. R. A. 649, 63 Pac. 572; *Morris* v. *Northwestern Imp. Co.,* 53 Wash. 451, 102 Pac. 402; *Hayes* v. *Chicago Tel. Co.,* 218 Ill. 414, 2 L. R. A. (n. s.) 764, 75 N. E. 1003; *McGinnis* v. *Chicago R. I. & P. Ry. Co.,* 200 Mo. 347, 118 Am. St. Rep. 661, 9 Ann. Cas. 656, 9 L. R. A. (n. s.) 880, 98 S. W. 590.)

In any event, whether the verdict acquitting the servant through whose fault alone, and by *respondeat superior,* the company can be held, operates *ipso facto* as an exoneration of the company, it cannot be doubted that it constitutes an adjudication upon the facts, a finding by the jury that the

evidence was not sufficient to convince them of the guilt of the servant without whose fault the company itself is guiltless. There is no question of defective appliance here, no dangerous instrumentality, no duty of primary care on the master. The company was negligent only if Hoar was negligent; his negligence was a condition precedent to any liability of the company. The jury declared Hoar not negligent. That absolves the company.

*Mr. N. A. Rotering* and *Mr. Wm. Meyer,* for Respondent, submitted a brief and argued the cause orally.

Counsel for appellant contend that the jury having found in favor of the conductor, thereby exonerating him from any liability, the company thereby also becomes exonerated. It is somewhat peculiar that the very authorities upon which counsel rely to sustain their contention in this regard are the cases wherein our supreme court has held directly to the contrary. The question is a closed one in this state and no longer open to argument. (*Verlinda* v. *Stone & Webster Engineering Corp.,* 44 Mont. 223, 119 Pac. 573.)

As was said in the above case, it was not necessary to join the defendant Hoar as a party to this action; plaintiff might have elected to proceed against the company alone and the complaint would have stated a cause of action against the company. Under these circumstances it certainly cannot be held that the capricious finding of the jury exonerating Hoar should result in a reversal of the judgment against the company and a denial to the plaintiff of relief to which she is justly entitled. (See, also, *Golden* v. *Northern Pac. Ry. Co.,* 39 Mont. 435, 18 Ann. Cas. 886, 34 L. R. A. (n. s.) 1154, 104 Pac. 549.)

We also call the court's attention to the fact that the case of *Doremus* v. *Root,* 23 Wash. 710, 54 L. R. A. 649, 63 Pac. 572, cited by counsel in their brief as sustaining their contention, was expressly disapproved in the *Verlinda Case.* That the question here presented is not any longer open to argument

in this state must be further conceded when the case of *De Sandro* v. *Missoula, L. & W. Co.*, 48 Mont. 226, 136 Pac. 711, is read. This case, decided long after the *Verlinda Case*, deals with the identical proposition presented in the case at bar. In the *De Sandro Case* the agent of the company, who had active charge of the work in which the plaintiff was injured, was made a defendant. The jury found for him but found against his employer. The same contention was raised in that case as is presented here, but the court in finding adversely to such contention used the following language: "But we think the formal acquittal of the servant or agent through whose wrong the injury was done should not deprive the plaintiff of what the jury has given him, if the evidence shows that he has suffered wrong."

After expressly disapproving the cases of *Doremus* v. *Root, Morris* v. *Northwestern Imp. Co.*, and *Hayes* v. *Chicago Tel. Co.*, cited in brief of counsel for the company, our supreme court says: "This doctrine might not be strictly logical, but it is equally as logical as that announced in the cases cited; for under the rule followed by them, the plaintiff is deprived of right of recovery on purely technical grounds."

In view of the above we submit that the finding of the jury in favor of the defendant Hoar cannot be held to operate as an acquittal of the defendant company. As was so well stated by our supreme court in the *Verlinda Case*, the reasons which prompt juries to do peculiar things and render peculiar verdicts are many; and so in this case, out of friendship for defendant Hoar, although knowing him to have been negligent, they nevertheless found a verdict in his favor. Should it then be said that because of that fact the plaintiff, a child four years of age, rendered a cripple for life, should be held responsible for the eccentricities and peculiar reasoning which influenced the jury in this case to render a verdict in favor of the defendant Hoar? Logic and justice, right and reason, demand that no such harsh rule be invoked against

this plaintiff and that the former decisions of our supreme court be adhered to.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This action was brought by William Lowney, guardian *ad litem* for Helen Lowney, a minor, against the Butte Electric Railway Company, a corporation, and Wilber A. Hoar, to recover damages for personal injuries. Verdict was rendered in favor of defendant Hoar but against defendant Butte Electric Railway Company and judgment was entered in accordance with the verdicts. Defendant Butte Electric Railway Company made a motion for a new trial, which was overruled. It has appealed from the order overruling the motion and from the judgment. No appeal was taken by plaintiff from the judgment in favor of Hoar.

The facts as alleged in the complaint and as contended by plaintiff were substantially as follows: Helen Lowney, at the time in question, was a child approximately four years of age. Her mother, with her and two other children, were passengers on one of the cars of the defendant railway company of which defendant Hoar was conductor. Upon reaching their destination, the mother assisted the other two children to alight from the car while the conductor put his arm around Helen to lift her from the car to the pavement, when he carelessly and negligently let her drop, the back of her head striking the iron rim of the car step, causing severe injuries.

The railway company can be held liable in this action only [1] upon the principle of *respondeat superior* as no other negligence is charged than that of the conductor letting the child fall. By reason of these circumstances, appellant contends that it cannot be held liable to plaintiff unless defendant Hoar, who was the negligent agent, is also held liable; but the jury, by its verdict, exonerated defendant Hoar, while finding against the defendant company. There can be no question but that the two verdicts are inconsistent for the finding by the jury

which will support one verdict would make the other one impossible. A different case would be presented if both defendants were primarily charged with negligence and one was not charged solely under the rule of *respondeat superior.* In such a case the liability of one does not depend upon the negligence of the other but each one is primarily liable for the negligence of which he himself was guilty in whole or in part. In such case the verdict against one is not dependent in any way upon the verdict against the other, but in this case the railway company cannot legally be liable unless Hoar was likewise liable. The difficulty, however, in applying that rule of liability to this case, lies in the fact that it is impossible for this court to say whether the jury found in good faith that Hoar was free of negligence but capriciously rendered a verdict against the defendant company, or in good faith rendered its verdict against the defendant company based upon the negligence of Hoar but capriciously exonerated him. The authorities outside of this state are divided upon the proposition as to whether or not, under the circumstances, the judgment against the principal shall stand, but it seems to us that the weight of authority is to the effect that when the servant, through whom the negligence occurred and by which only the master can be held liable, is exonerated by the verdict of the jury, such exoneration inures to the benefit of his principal, and that therefore a verdict against the latter under such circumstances cannot be sustained. The leading authorities so holding are as follows: 18 R. C. L., Master and Servant, par. 236; *Doremus* v. *Root,* 23 Wash. 710, 54 L. R. A. 649, 63 Pac. 572; *Southern Ry. Co.* v. *Harbin,* 135 Ga. 122, 21 Ann. Cas. 1011, 30 L. R. A. (n. s.) 404, 68 S. E. 1103; *Bradley* v. *Rosenthal,* 154 Cal. 420, 129 Am. St. Rep. 171, 97 Pac. 875; *McGinnis* v. *Chicago etc. Ry. Co.,* 200 Mo. 347, 118 Am. St. Rep. 661, 9 Ann. Cas. 656, 9 L. R. A. (n. s.) 880, 98 S. W. 590; *Morris* v. *Northwestern Improvement Co.,* 53 Wash. 451, 102 Pac. 402; *Sipes* v. *Puget Sound Electric Ry.,* 54 Wash. 47, 102 Pac. 1057; *Fimple* v. *Southern Pacific Co.,* 38 Cal. App.

727, 177 Pac. 871; *Hayes* v. *Chicago Telephone Co.,* 218 Ill. 414, 2 L. R. A. (n. s.) 764, 75 N. E. 1003; *Republic Iron & Steel Co.* v. *Lee,* 227 Ill. 246, 81 N. E. 411; *Chicago, St. P. M. & O. Ry. Co.* v. *McManigal,* 73 Neb. 580, 103 N. W. 305, 107 N. W. 243; *Stevick* v. *Northern Pac. Ry. Co.,* 39 Wash. 501, 81 Pac. 999; *Indiana Nitroglycerine & Torpedo Co.* v. *Lippincott Glass Co.,* 165 Ind. 361, 75 N. E. 649. The leading authorities holding to the contrary are as follows: 18 R. C. L., Master and Servant, par. 236; *Illinois Cent. Ry. Co.* v. *Murphy's Admr.,* 123 Ky. 787, 11 L. R. A. (n. s.) 352, 97 S. W. 729; *Broadway Coal Min. Co.* v. *Robinson,* 150 Ky. 707, 150 S. W. 1000; *Illinois Cent. R. Co.* v. *Outland's Admx.,* 160 Ky. 714, 170 S. W. 48; *Carson* v. *Southern Ry. Co.,* 68 S. C. 55, 46 S. E. 525; *Texas & P. Ry. Co.* v. *Huber* (Tex. Civ.), 95 S. W. 568; *Bedenbaugh* v. *Southern Ry. Co.,* 69 S. C. 1, 48 S. E. 53.

It must also be borne in mind that where the principal is held liable under the rule of *respondeat superior,* he has the right of action against the servant for the damages he has sustained by reason of the servant's negligence. In this case, if the judgment against the railway company is to be sustained, while the judgment in favor of Hoar remains as a final determination that he was not negligent, then the latter judgment constitutes a bar to any action by the railway company to recover its damages against Hoar. Thus, the principal is charged with the liability for the act of the servant but is denied the right to compel the servant to account for the damages due to his wrongful act. This in itself is a substantial reason why the railway company should not be held liable for the damages unless Hoar is also held responsible.

In opposition to appellant's contention, respondent relies upon the decisions of this court found in the cases of *Verlinda* v. *Stone & Webster Engineering Corp.,* 44 Mont. 223, 119 Pac. 573, and *De Sandro* v. *Missoula L. & W. Co.,* 48 Mont. 226, 136 Pac. 711. It is true that in both opinions appear *dicta* supporting respondent's theory of the case, but

it is elementary that such expressions not necessary to the determination of the issues involved are not binding upon the court. Each of those cases can be distinguished from the one at bar and therefore does not present a precedent establishing the law in this state. In the *Verlinda Case* there was involved the charge of negligence in the matter of the selection of a derrick hook, it being claimed that Wallace was the agent through whom the negligence occurred. As this court said in that case, "the action of the jury is therefore clear if, as was probably the fact, it be assumed that the jury found that the company was negligent in the performance of its primary duty to furnish a reasonably safe appliance, and could not agree as to whether Wallace was negligent in the selection of the mode of its use." In other words, in that case the jury could find that the company was guilty of negligence without finding that Wallace was so guilty. In the *Verlinda Case,* no verdict was rendered as to the individual defendant, which was construed as no verdict at all as to him, while in this case there was a verdict expressly finding in favor of defendant Hoar. In the *De Sandro Case,* plaintiff was injured by the caving in of a trench in which he was working. The work was being done for the defendant company by Odenwald and Hadalin as agents of the company. Hadalin was made a party defendant in the action but Odenwald was not. As the jury may have concluded that Odenwald was the one guilty of negligence instead of Hadalin, it did not appear that the defendant's liability was absolutely dependent upon the negligence of the defendant Hadalin. These distinguishing features prevent these two cases from having any controlling effect upon the case involved here.

As one of the vital issues in the case was whether or not [2] defendant Hoar was guilty of negligence, it follows that the verdict against the railway company could have been based reasonably only upon the finding that Hoar was negligent, while, on the contrary, a verdict in favor of Hoar could be based reasonably only upon the finding that he was not negli-

gent. The case presents a situation somewhat analogous to that which is presented when the trial court, sitting without a jury, has made inconsistent findings. It is the universal practice of appellate courts in such cases to reverse the judgment entered upon such inconsistent findings and remand the case to the trial court for a new trial. Such proceeding is the only logical course, inasmuch as by reason of the conflicting findings, the appellate court is wholly unable to determine whether or not the judgment was rightly entered. In this case, the court is equally unable to determine which verdict, based upon findings inconsistent with those that support the other verdict, was right. Unquestionably, one was wrong, but as we are unable to go behind the verdicts and read the minds of the jurors, we cannot determine which was wrong; but we do know that it is logically impossible in this case for the defendant company to be liable in damages to plaintiff while defendant Hoar is not. If an appeal had been taken by plaintiff from the judgment in favor of Hoar whereby this court would have jurisdiction to consider the whole case and act upon both judgments, it might remedy the wrong done due to the return of the inconsistent verdicts, by holding that there was a mistrial and sending the case back for a new trial. However, plaintiff has not taken an appeal from the judgment in favor of Hoar, by reason of which that judgment has become final. We cannot reverse that judgment because it is not before us, and therefore it must be deemed established. beyond any further controversy that Hoar was not guilty of negligence. Under this state of the record, this court is powerless to correct the incongruous situation by sending the case back for a new trial whereby the issue of negligence as to both defendants can be determined definitely. With the judgment in favor of defendant Hoar a valid and subsisting judgment, a new trial would leave the parties in exactly the same situation in which they are at the present time and therefore would be of no avail. The only logical course is for this court to hold that the judgment against the defend-

ant railway company must be set aside for the reason that it is not supported by the finding of the jury as expressed in its verdict directly exonerating Hoar.

Other assignments of error were made by appellant, but inasmuch as they are not necessary to the final determination of the case, they will not be considered.

The order overruling the motion for new trial is reversed.

For the reasons herein stated, the judgment is reversed and the cause remanded to the district court, with directions to enter judgment in favor of defendant railway company.

*Reversed with directions.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

Petition for rehearing denied January 30, 1922.

ASSOCIATE JUSTICES REYNOLDS and COOPER: Our attention has been called to the fact that regarding the judgment in favor of defendant Hoar, plaintiff made a motion for new trial in the district court, which motion is still pending. Under these circumstances, it yet may be possible for the case to be retried and a decision rendered upon the merits, and for this reason it seems to us advisable to send the case back for a new trial. Such course was adopted in most of the cases upon which our decision of this case was based, is consistent with our opinion already rendered and is in accordance with justice as between the parties.

It is therefore our opinion that the order heretofore entered in said matter should be modified by striking out that portion thereof which directs the entry of judgment in favor of defendant railway company, and in lieu thereof it be ordered that the cause be sent back to the district court for a new trial.