Ethel V. Johnson, Administratrix of Estate of Edward C. Johnson, Deceased, Appellant, v. Seth Kirkpatrick, and Gene C. Buchanan, Appellees.

Gen. No. 46,821.

First District, Third Division.

June 29, 1956.

Released for publication September 12, 1956.

Owens, Owens & Rinn, of Chicago, for appellant; John E. Owens, and Walter B. Bieschke, both of Chicago, of counsel.

Crowe, Yates, Abrahamson & Fisk, of Chicago, for appellees; Burt A. Crowe, of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court.

This is a wrongful death action. The jury returned two verdicts: one found defendant Kirkpatrick guilty, assessing damages at $15,000, and the other found defendant Buchanan not guilty. Kirkpatrick moved for judgment notwithstanding the verdict and plaintiff moved for a new trial as to Buchanan. The trial court granted Kirkpatrick's motion and entered judgment in his favor. It denied plaintiff's motion for new trial, and she has appealed.

Plaintiff's decedent died as the result of injuries suffered March 20, 1950, in an automobile collision on U. S. Route 14 near Woodstock, Illinois. The collision occurred about 7:30 a. m. while the decedent and three fellow carpenters were bound for work. He was sitting in the right rear of a 1948 Plymouth which was struck by a tractor-trailer owned by Kirkpatrick and driven by Buchanan. The tractor-trailer was going southeasterly on the two-lane highway, carrying an interstate shipment of ten tons of rock wool, and the Plymouth was going northwesterly. The right wheels of the Plymouth went off the pavement onto the shoulder of the road and into a frozen rut. The driver turned the car back onto the road, which was icy, and the car skidded into the far lane and the path of the tractor-trailer. Plaintiff's decedent was injured in the ensuing collision.

The question presented is whether the court erred in sustaining Kirkpatrick's motion and denying plaintiff a new trial.

The complaint alleged negligence, as to Kirkpatrick alone, in that he, as owner of the tractor-trailer, permitted Buchanan to drive when the owner knew or should have known Buchanan was incompetent to do so, permitted Buchanan who was under 21 years of age to drive, and permitted Buchanan to drive without complying with the experience requirement and that of the physical examination, all in violation of regulations of the Interstate Commerce Commission. The

216

complaint also alleged a custom among common carriers of requiring an employee to gain sufficient experience before being allowed to operate a tractor-trailer.

The employment relationship between Kirkpatrick and Buchanan was alleged and the latter's negligence in the scope of his agency in (a) negligent operation; (b) inexperienced and incompetent operation amounting to negligence; (c) failure to use brakes; (d) negligent speed in excess of that which experienced, competent operators would use under the circumstances; and (e) excessive and negligent speed in violation of the Motor Vehicle Act.

The court gave instructions for both parties on the theory of respondeat superior. The defendant's instruction was peremptory, ending ". . . then the defendant, Buchanan, was not guilty of negligence and you should find the defendants not guilty." Four forms of verdict were given to the jury: one for a finding of "guilty" and one for a finding of "not guilty" as to Kirkpatrick; one for a finding of "guilty" and one for a finding of "not guilty" as to Buchanan. It will be seen that there was no verdict form corresponding to plaintiff's respondeat superior theory in the complaint nor to the instructions of both parties under that theory.

There is a dispute between the parties with respect to whether the plaintiff invited the four forms of verdict only. We have denied defendant's motion to add an additional report of proceedings under authority of Leading Jewelry Mfg. Co. v. Yorkshire Watch Co., 350 Ill. App. 319, and the original record on appeal must settle the dispute. The record does not support the contention that the verdicts submitted were limited, at plaintiff's request, to the four that were given.

Plaintiff's motion for new trial as to both defendants set forth the ground, among others, that the court erred in giving "the specific forms of verdict" as to the defendants.

■ ■ Verdicts must respond to the issues (Gross v. Sloan for Use of Blatchford, 54 Ill. App. 202), and if verdicts find only part of the issues they are bad. (Goldstein v. Smith, 85 Ill. App. 588, 590; Schofield v. Miltimore, 74 Wis. 194, 42 N. W. 212; Burns-Moore Mining & Tunnel Co. v. Watson, 45 Colo. 91, 101 Pac. 335.) There is no basis for finding Kirkpatrick guilty unless the jury found Buchanan guilty of negligence. (Hayes v. Chicago Tel. Co., 218 Ill. 414.) All the charges based on the Interstate Commerce Regulations imply negligent conduct on Buchanan's part (Rogina v. Midwest Flying Service, Inc., 325 Ill. App. 588, 594) just as the charges under the respondeat superior theory. The jury, therefore, finding Buchanan not guilty and Kirkpatrick guilty, acted inconsistently. We think for this reason the trial court erred in denying plaintiff's motion for a new trial. (Berger v. Podolsky Bros., 360 Mo. 239, 227 S.W.2d 695; Lowney v. Butte Elec. R. Co., 61 Mont. 497, 204 Pac. 485, 487.)

■ A reversal and remandment for this error would be unavailing to plaintiff if the implication in the court's sustaining Kirkpatrick's motion for judgment notwithstanding the verdict be justified. The effect of the ruling was a finding that there was no evidence favorable to plaintiff, which taken as true, together with legal inferences drawn most strongly in his favor, tended to prove negligence on the part of Buchanan. This, as in cases of motion for directed verdict, is the test (Merlo v. Public Service Co. of Northern Illinois, 381 Ill. 300, 311), and the ruling was not justified on the ground that the verdicts were inconsistent.

■ Under the rule, the evidence favorable to plaintiff is that when the Plymouth went off the road the truck was 250 feet away approaching at a rate of 30 miles per hour; that when the Plymouth regained the highway the truck was 200 feet away; that Buchanan observed the Plymouth's wheels leave the pavement and go into the rut, saw it regain the highway and start

218

to spin; and that the truck neither decreased its speed nor changed its direction before the impact. We think this evidence tends to prove that Buchanan was negligent in not anticipating that the spinning automobile might skid into the path of the tractor-trailer and that he should have taken prudent steps to avoid the collision. The favorable evidence leaves no room for any inference that decedent failed to do anything that he should have done and did not do as a passenger. The trial court erred in granting the motion for judgment notwithstanding the verdict.

This is not a case like Rogina v. Midwest Flying Service, Inc., 325 Ill. App. 588, and similar cases cited by defendant, where the judgment for the employee was final and unappealed and compelled reversal of the judgment against the employer. In those cases there was no other alternative for the reviewing court, but here we have both judgments before us, and we may reverse and remand.

For the reasons given, the judgments are reversed and the cause is remanded for a new trial.

Reversed and remanded.

LEWE, P. J. and FEINBERG, J., concur.