Veston E. Hatfield, Plaintiff-Appellant, v. Robert F. Leverenz, Defendant-Appellee.

Gen. No. 10,393.

Third District.

May 16, 1962.

Lowenstein, Saikley and Jurczak, of Danville, for appellant.

Acton, Baldwin, Bookwalter & Meyer, of Danville, for appellee.

ROETH, PRESIDING JUSTICE.

This is a personal injury case which was tried before a jury. The only question involved in this appeal is the sufficiency of, and construction to be given the jury's verdict. A resume of the events which occurred in the trial of this case as shown by the record is necessary.

At the conclusion of the evidence, the court held a conference on instructions. Counsel for plaintiff tendered the following instruction, which was given, to-wit:

> "The Court instructs the jury as to the form of your verdict as follows:
>
> "If you find the issues for the plaintiff and against the defendant, the form of your verdict may be:
>
> "We, the jury, find the issues for the plaintiff and against the defendant, and we assess the plaintiff's damages at ——— Dollars. (You will fill in the blank with such sum of money as you may, from the preponderance of the evidence determine.)
>
> "If you find the issues for the defendant and against the plaintiff, the form of your verdict may be:
>
> "We, the jury, find the defendant not guilty."

We have copied the instruction exactly as it appears from a photostatic copy furnished with the record. It appears to have been typed on legal cap with the typewritten matter occupying approximately the upper half of the sheet. Neither counsel tendered the usual instruction advising the jury to write their verdict on a separate sheet of paper using the instruction as a

form only, etc. Neither counsel prepared, for the convenience of the jury, the two forms of verdict on separate sheets of paper, as is quite often done.

After the jury retired counsel for the respective parties stipulated that the jury could seal their verdict and separate and that polling was waived. They further stipulated that if the jury had not reached a verdict by 12:30 a. m. on December 8, 1956 (Saturday) the jury could be discharged by the bailiffs. Before the allotted time the jury delivered a sealed envelope to the bailiff which presumably contained their verdict. On Saturday morning, December 8, 1956, this envelope was delivered to the clerk and by him opened in the presence of both counsel, pursuant to their stipulation. It was then discovered that the jury had taken the court's instruction and signed it as follows:

"John F. Meharry, Foreman
Joan Giacone
Irene Banta
Agnes Nigra
Frances Jump
Bertha Drumm
Angeline Ghibaudy
Geneva Nussear
Ethel Newton
Geo. H. Brown
Nora Blakeney
Charles Burroughs"

The names appear in the center of the page below the last sentence towit, "We, the jury, find the defendant not guilty." The foreman's signature extends, in part, up into the foregoing typewritten sentence.

On December 11, 1956, defendant filed a written motion for judgment on the verdict and on December 13, 1956, plaintiff filed a written motion (a) to declare

a mistrial for want of sufficient verdict, or in the alternative (b) to reconvene the jury for the purpose of returning a proper verdict, or in the alternative (c) to recall the jury for polling as to what their verdict was intended to be. These two motions came on for hearing on January 9, 1957, at which time the trial judge, construed the verdict as a verdict finding defendant not guilty, denied plaintiff's motion and allowed defendant's motion and thereupon entered judgment on the verdict for defendant.

Plaintiff contends that the verdict is not clear, that it is unintelligible, uncertain, inconsistent, ambiguous, a nullity and void and that the court erred in construing it otherwise. Defendant makes the opposite contention.

Counsel have apparently searched the law books to find a case directly in point. A large number of cases are cited, none of which pose the same situation. The case appearing to be nearest in point is Gillespie v. Ashford, 125 Iowa 729, 101 NW 649. However, a careful reading of the case discloses that additional factors, not present here, were controlling factors in the decision.

 In Western Springs Park Dist. v. Lawrence, 343 Ill 302, 175 NE 579, the general rule applicable to a situation as here presented is stated as follows:

> "A verdict is not to be construed with the same strictness as an indictment but is to be liberally construed, and *all reasonable intendments will be indulged in its support and it will not be held insufficient unless, from necessity, there is doubt as to its meaning.* (People v. Lee, 237 Ill 272.) The rule is, that in determining the sufficiency of a verdict, and the judgment based thereon, the entire record will be searched and all parts of the record interpreted together, and a deficiency at

225

one place may be cured by what appears at another. (People v. Tierney, 250 Ill 515; People v. Murphy, 188 id. 144.) A verdict may be amended by the court or construed by reference to the pleadings and the evidence in the record, and in some instances from the notes of the judge, when the intention of the jury is apparent from the pleadings and the evidence. *In considering the verdict itself with a view to its sufficiency the first object is to ascertain what the jury intended to find, and this is to be done by construing the verdict liberally, with the sole view of ascertaining the meaning of the jury and not under the technical rules of construction which are applicable to pleadings. If the meaning of the jury can be ascertained and a verdict on the point in issue can be made out the Court will mold it into form and make it serve.*" (Emphasis supplied.)

There is one significant thing in the record before us that clarifies the intention of the jury, namely, the phraseology of two damage instructions given on behalf of plaintiff and one instruction given on behalf of defendant. Plaintiff's instruction #9 starts out, "If you find from the greater weight of the evidence, and under the instructions of the court, that plaintiff is entitled to recover, then you *should* determine the amount of damages" (emphasis ours) etc., reciting the elements to be taken into consideration. Plaintiff's instruction #10 starts out, "If you find from the greater weight of the evidence, and under the instructions of the court, that plaintiff is entitled to recover, and that he has sustained damages . . . then you may arrive at the amount of such damages, if any, from the facts and circumstances proved by the evidence." Then follows the usual language that it is not

necessary that any witness should have testified to a pecuniary amount, etc. Defendant's instruction #11 is the usual instruction which tells the jury that they will have no occasion to consider the question of damages if they find that the defendant is not liable to the plaintiff. Using the instruction as to the forms of verdict, it would seem clear to the jury that they had a choice of one or the other verdict. Having failed to find and fill in any sum of money in the blank space, it is our opinion that, with the three instructions heretofore mentioned before the jury, it, the jury, was rejecting any right of plaintiff to recover. As counsel for plaintiff suggest, such a verdict is no verdict at all for plaintiff. Thus it is not a choice between two good and complete verdicts i. e. one for plaintiff and one for defendant, so that it cannot be classified as a double verdict. We do, however, have one complete verdict, i. e. for the defendant, signed by all 12 jurors. While we have detailed the position of the signatures of all 12 jurors, we do not regard this as of any important significance. The significant thing is that there is a complete form for the defendant to which the jurors have all appended their signatures and a form which is conceded to be no verdict for the plaintiff to which it can be said that the jurors have also appended their signatures.

We are of the opinion that the verdict returned was a sufficient manifestation of the intention of the jury to find the defendant not guilty, and that the trial court had the power to so construe the verdict and to enter judgment accordingly.

Accordingly the judgment of the Circuit Court of Vermilion County will be affirmed.

Affirmed.

REYNOLDS and CARROLL, JJ., concur.