(No. 59641.

WOTTOWA INSURANCE AGENCY, INC., Appellant, v. JOHN A. BOCK, JR., *et al.*, Appellees.

*Opinion filed November 30, 1984.*

Jim D. Keehner, of Belleville, for appellant.

Freeark, Harvey & Mendillo, of Belleville (Ted R. Harvey, Jr., of counsel), for appellees.

JUSTICE CLARK delivered the opinion of the court:

The plaintiff, Wottowa Insurance Agency, Inc., filed a two-count complaint in the circuit court of St. Clair County against the defendants, John Bock and Martha Bock Vavroch (Bock and Vavroch, respectively). Count I alleged that the plaintiff had provided extensive insurance coverage and credit extensions to Vavroch Builders, Inc., and Vavroch Roofers, Inc. (the corporations), and that the corporations owed the plaintiff over $27,000. Count I further alleged that on or about February 2, 1978, the defendants, both of whom were attorneys and officers of the corporations, executed a guaranty agree-

ment whereby they personally agreed to guarantee the obligations of the corporations for the benefit of the plaintiff. Count I also stated that after the agreement was signed both corporations became insolvent and the defendants refused to pay the $27,000 owed to the plaintiff.

Count II of the complaint was based on fraud. It alleged that the defendants signed the guaranty agreement, with no intention of honoring it, and thereby fraudulently induced the plaintiff to extend further credit in the sum of $4,000 to the corporations.

The jury returned a verdict in favor of the defendants on count I and awarded the plaintiff $4,000 based on count II.

In the appellate court, the plaintiff argued that the trial court should have directed a verdict in its favor on count I. The defendants cross-appealed and argued that the verdict in favor of the plaintiff on count II should be reversed "because of the absence of fraud as a matter of law and [because] no damages were proved." The appellate court, in a Rule 23 order (87 Ill. 2d R. 23), affirmed the judgment in favor of the defendants on count I and reversed the judgment in favor of the plaintiff on count II. 119 Ill. App. 3d 1176.

In the present case, three issues were raised, namely: (1) whether the agreement in question was a personal guaranty as a matter of law; (2) whether the jury verdict in favor of the defendants on count I can stand; and (3) whether the trial court should have directed a verdict in favor of the defendants or entered a judgment n.o.v. in their favor on count II.

The parties are in disagreement as to the facts in this case. The plaintiff contends that the defendants signed a personal guaranty and thereby should be held personally liable for the money owed by the corporations. Whereas, the defendants contend that they were signing only as

officers of the corporations, and that one corporation as an "entity was guaranteeing the debt of the other, and vice versa," thereby making the corporations liable and not the individuals.

The corporations began doing business with the plaintiff in June 1975. The plaintiff's president, John Wottowa, became concerned when the corporations began falling behind in their premium payments in December 1977. Both Wottowa and Bock were members of the Lions Club. Wottowa testified that at Lions Club meetings Bock originally told him not to worry because the corporations were going to be refinanced. Wottowa also testified that on March 8, 1978, at a Lions Club meeting, Bock told Wottowa not to worry because Wottowa had Bock's signed personal guaranty. Les Fisher, a fellow Lions Club member, testified that he heard Bock tell Wottowa "you have my personal guaranty." However, on cross-examination, defense counsel introduced evidence that at the time of trial Wottowa owed Les Fisher in excess of $12,000, thereby attempting to show bias on the part of Les Fisher.

Bock testified that he never told anyone he would personally guarantee the money owed on the insurance premiums. Bock went on to testify that he was not at the March 8, 1978, Lions Club meeting. Bock's testimony that he was absent at the March 8, 1978, meeting was supported by the testimony of George Ballard, secretary of the Lions Club, who stated that according to the attendance sign-in sheet Bock was not at the meeting.

The plaintiff, with the advice of its attorney, went to its bank and obtained a two-page guaranty agreement form. This agreement form was then presented to Vavroch. Vavroch was then to sign the form and obtain the signatures of her husband and Bock. After obtaining her husband's and Bock's signatures, Vavroch returned

the agreement to Wottowa and told him she had spoiled page two and had to retype it. Although she had allowed Wottowa to review the retyped page, she did not tell him that she had made any changes from the original page two. In reality, the signature portion of page two had been modified. The original signature portion was as follows:

_____   _____(Seal)
Witness
_____   _____(Seal)
Witness
_____   _____(Seal)
Witness
_____   _____(Seal)
Witness

However, when Vavroch retyped the second page, she included the corporations' names above the first two witness lines. In addition, she added the corporate titles of the three signators. The retyped signature portion was as follows:

VAVROCH ROOFERS, INC.   _____(Seal)
Witness                                    President
VAVROCH BUILDERS, INC.   _____(Seal)
Witness                                    Secretary
_____   _____(Seal)
Witness                             Executive Secretary
_____   _____(Seal)
Witness

We first consider the plaintiff's contention that the trial court should have directed a verdict in its favor on count I, since the agreement of February 2, 1978, was a personal guaranty as a matter of law. When an officer signs a document and indicates next to his signature his corporate affiliation, then absent evidence of contrary intent in the document, the officer is not personally bound.

(*Knightsbridge Realty Partners, Ltd-75 v. Pace* (1981), 101 Ill. App. 3d 49.) In *Knightsbridge*, the court also stated that where the language in the body of the document conflicts with the apparent representation by the officer's signature, an issue of fact as to the agent's intent arises, an issue for the jury to determine. If the jury determines that the officer intended to obligate the corporation, then the officer is not personally liable; conversely, if the jury determined that the officer intended to obligate himself personally, then the officer is liable under the instrument. 101 Ill. App. 3d 49, 53.

In the case at bar, under count I, the jury found that the guaranty agreement was a corporate obligation, not a personal obligation. In so finding, the jury decided that defendants intended to obligate the corporation; consequently the defendants cannot be personally liable.

It is logical to conclude, therefore, that once the jury determined by its verdict that the guaranty agreement was not a personal obligation, but rather a corporate obligation, the allegation of fraud under count II had to fail. However, under count II, the jury found that the defendants "fraudulently induced the plaintiff into further extensions of credits by executing the attached Guarantee Agreement without any intention of personally guaranteeing the obligations" of the two corporations. Such findings are irreconcilably inconsistent.

In the same action, where verdicts are returned which are legally inconsistent with each other, the verdicts should be set aside and a new trial granted. (See *Kimmel v. Hefner* (1962), 36 Ill. App. 2d 137; *Johnson v. Kirkpatrick* (1956), 11 Ill. App. 2d 214.) Accordingly, the judgment of the appellate court is reversed and this cause is remanded to the circuit court for a new trial.

*Reversed and remanded.*