**Bronislav Ruben MEHL, Plaintiff,**

**v.**

**NAVISTAR INTERNATIONAL CORPORATION, a Delaware corporation, Donald D. Lennox and Neil A. Springer, Defendants.**

**No. 87 C 1857.**

United States District Court,
N.D. Illinois, E.D.

Oct. 1, 1987.

Denice A. Gierach, Gierach & Associates, Chicago, Ill., for plaintiff.

Thomas F. Gardner, Kirkland & Ellis, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Presently before this court is defendants Donald Lennox and Neil Springer's motion to dismiss plaintiff's amended complaint. For the reasons stated herein, defendants Lennox and Springer's motion is granted.

## I. FACTS

As this motion is brought pursuant to Fed.R.Civ.P. 12(b)(6), all facts stated in the complaint are taken as true.

According to the complaint, plaintiff Bronislav Ruben Mehl ("Mehl") was employed by defendant Navistar International ("Navistar") for approximately 34 years. During the time of his employ, Navistar was known as International Harvester. Mehl's employment necessitated extensive travel. In fact, after about one year with Navistar in the United States, Mehl was assigned to work at Navistar offices around the world for the remainder of his employment.

Although the majority of his work for Navistar was done out of the United States, Navistar assured Mehl that he would receive the pension benefits of a U.S. employee. Mehl was first told he would receive those benefits wholly through Navistar's pension plan. Later, Navistar told him that although he would not receive the U.S. employee's pension, the Social Security benefits he had accrued in other countries would combine with his Navistar pension to equal the full pension benefits of a U.S. employee.

After his retirement, Mehl learned that his pension was not being calculated on the scale for U.S. employees, but rather on a much lower scale. He later found that he was ineligible for any Social Security benefits in most of the countries in which he had worked because Navistar failed to make proper withholdings.

Mehl brings this action against Navistar and two of its corporate directors, Donald Lennox ("Lennox") and Neil Springer ("Springer"). Mehl seeks damages in the amount of benefits to which a U.S. employee earning his salary would have been entitled. Mehl claims that Lennox and Springer conspired with others to deprive him of his rightful benefits, breached their contract with Mehl regarding those benefits, and violated the provisions of Employee Retirement Income Security Act of 1974 (ERISA). However, as the following dis-

cussion explains, none of these claims is properly brought against Lennox and Springer in their capacity as directors of Navistar.

## II. DISCUSSION

### A. *Breach of Contract Claims*

■ Counts I, II and IV of Mehl's complaint allege that Lennox and Springer breached various contracts with Mehl. Count I alleges that they authorized subordinates to enter a contract with Mehl promising certain retirement benefits and then allowed those subordinates to breach that contract by limiting Mehl's participation in the pension plan. Count II alleges that Lennox and Springer authorized their subordinates to promise Mehl a retirement income substantially higher than that which he is now receiving and authorized those subordinates to breach that agreement. Count IV alleges that Lennox and Springer failed to make the promised Social Security payments to the various countries in which Mehl was employed.

None of these claims, however, may be sustained against either of the director defendants. Nowhere does Mehl allege that either Lennox or Springer was personally involved in the contracts he complains were breached. It is well settled in Illinois and throughout the country that an officer or agent of a corporation may not be held personally liable for a contract made for the corporation, where the agent's affiliation with the corporation is made clear to the other contracting party. *Wottowa Ins. Agency v. Bock*, 104 Ill.2d 311, 84 Ill.Dec. 451, 453, 472 N.E.2d 411, 413 (1984); 3A, *Fletcher Cyclopedia Corporations*, § 1118 (1986). Because the contracts were clearly made on behalf of the corporation, Lennox and Springer may not be held personally liable for them.

### B. *ERISA and Conspiracy Claims*

■ Count III alleges that Lennox and Springer conspired to deprive Mehl of his retirement benefits and in the course of so doing, violated ERISA laws. Mehl alleges that a conspiracy existed among Navistar, the pension plan trustees and the defend-

ant directors. However, such a conspiracy on the part of Lennox and Springer is legally impossible. The actions of a corporation's agents are legally the actions of the corporation, and a corporation cannot conspire with itself. This rule was first stated in *Nelson Radio and Supply Co. v. Motorola, Inc.*, 200 F.2d 911 (5th Cir.1952), and has since been followed in several jurisdictions. *See H.G. Gallimore, Inc. v. Abdula*, 652 F.Supp. 437, 447 n. 5 (N.D.Ill. 1987); *Doherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir.1984); *Smith v. Northern Michigan Hospitals, Inc.*, 703 F.2d 942, 951 (6th Cir.1983). According to 10 *Fletcher Cyclopedia Corporations*, § 4884 (1986):

> A corporation cannot conspire with itself anymore than an individual can, and hence it appears to be the general rule that a corporation cannot conspire with its officers, agents, or employees when they are acting solely for the corporation. But the corporation may be held liable for a conspiracy where its officers, agents or employees were acting for personal reasons, or where they have an independent personal stake in achieving the object of the conspiracy, or where an independent third party conspired with the corporation.

Implicit in the foregoing passage is the principle that since a corporation can only act through the conduct of its agents, corporate directors can never be personally liable for damages stemming from an unlawful conspiracy between the corporation and independent third parties where the corporate directors were acting solely on behalf of the corporation and maintained no independent personal stake in the object of the conspiracy. As no allegations are made that Lennox or Springer engaged in the alleged conspiracy to achieve some personal gain, and Mehl does not allege Lennox and Springer were acting outside the scope of their employment when they allegedly engaged in the asserted conspiracy, Lennox and Springer cannot be held personally liable as co-conspirators. As such, the portion of Mehl's conspiracy claim directed at Lennox and Springer must be dismissed.

■  Mehl also alleges that Lennox and Springer are fiduciaries as defined by ERISA and violated their duties under that Act by using an incorrect formula to determine Mehl's retirement benefits. Mehl seeks to hold Lennox and Springer liable under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132. However, that section allows plan beneficiaries to sue plan fiduciaries for losses to the pension plan, not for the beneficiaries' personal pension benefits. Mehl cites *Foltz v. U.S. News and World Report*, 627 F.Supp. 1143 (D.D.C.1986) in support of his proposition that Section 502(a) allows a plan participant to recover plan benefits. That case, however, is not in accord with the clear language of the statute, and has not been followed in the Seventh Circuit. This court, therefore, will not follow *Foltz*, but follows the Supreme Court's decision in *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140, 105 S.Ct. 3085, 3089, 87 L.Ed.2d 96 (1985), holding that damages owed by a fiduciary for breach of duty are payable to the plan, not the beneficiaries. Therefore, Mehl's ERISA claim against Lennox and Springer must be dismissed as the relief Mehl seeks is not cognizable under ERISA.

### III.  CONCLUSION

For the foregoing reasons, the defendants Lennox and Springer's motion to dismiss the claims against them is granted. Defendant Navistar is the only remaining party against which Mehl's complaint stands.

IT IS SO ORDERED.