FIFTH DIVISION

Filed:11/03/00

No. 1-98-2199

LORI A. MROWCA, ) Appeal from the

) Circuit Court of 

Plaintiff-Appellant, ) Cook County.

)

) No. 93 L 1900

)

THE CHICAGO TRANSIT AUTHORITY, )

a municipal corporation, and )

CHARLES L. JACOBS, ) Honorable 

) Richard J. Billik, Jr.,

Defendants-Appellees. ) Judge Presiding.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, Lori A. Mrowca, was struck by a CTA bus while attempting to cross Jackson Boulevard near the crosswalk at Financial Place in Chicago. At trial before a jury, plaintiff insisted that she was one step outside the crosswalk when the bus struck her. Other testimony suggested, however, that she was walking quickly and bounded into the street without looking as much as a car length away from the crosswalk when the pedestrian signal changed to “walk.” 

The jury returned a verdict against the CTA in the amount of $850,000,
(footnote: 1) but 
also set plaintiff’s contributory negligence as being 60% of the total cause of the accident. It therefore assessed the CTA’s liability at $340,000. Although the jury concluded that plaintiff was 60% liable for her own injuries, the jury's verdict was rendered on a form which it had been  instructed was reserved for use when the plaintiff’s liability is 
less
 than 50%. In order to determine why the jury had used the less-than-50%-verdict form, the trial court polled the jury as to whether it believed plaintiff had been 60% negligent. When the jury foreman and each of the jurors indicated in open court  that she had been 60% negligent, the court entered judgment in favor of the CTA in accordance with 735 ILCS 5/2-1116 (2000)(barring recovery to tort plaintiff whose “contributory fault” exceeds 50%). Plaintiff subsequently filed a motion for a new trial, which the court denied. This appeal followed.

Plaintiff first argues the jury’s verdict is "contradictory" and "legally inconsistent" and that it was therefore arbitrary for the court to decide to credit the jury’s finding of 60% negligence. It is entirely possible, she claims, that the jury intended by its verdict to award her $340,000 in damages consistent with the contributory fault law. She contends that there is "no way the Jury can find that Lori Mrwoca was both 50% or less comparatively negligent as well as 60% comparatively negligent." 

The CTA argues that the jury's verdict was consistent but that the jurors merely used the wrong verdict form in rendering that verdict. Any doubts as to the jury's intention, the CTA claims, were made clear by the court's polling of the jurors.

In general, this court will not reverse a trial court' ruling on a motion for a new trial unless the trial court abused its discretion in refusing the motion. 
Tedeschi v. Burlington Northern R.R. Co.
, 282 Ill. App. 3d 445, 668 N.E.2d 138
 (1996). However, "where verdicts returned in the same action are legally inconsistent, such verdicts must be set aside and a new trial granted." 
Kumorek v. Moyers
, 203 Ill. App. 3d 908, 913, 561 N.E.2d 212 (1990). The courts exercise all reasonable presumptions in favor of the verdict, and the verdict is not legally inconsistent unless it is "absolutely irreconcilable." 
Tedeschi
, 282 Ill. App. 3d at 449, 
citing
 
Wottowa Insurance Agency, Inc. v. Bock
, 104 Ill. 2d 311, 472 N.E.2d 411 (1984); 
Bilderback v. Admiral Co.
, 227 Ill. App. 3d 268, 270, 591 N.E.2d 36 (1992). The verdict cannot be considered irreconcilably inconsistent if "any reasonable hypothesis" supports the verdict. 
Powell v. State Farm Fire & Casualty Co.
, 243 Ill. App. 3d 577, 581, 612 N.E.2d 85 (1993). The issue is one of the jury's intent. See e.g., 
Battles v. LaSalle National Bank
, 240 Ill. App. 3d 550, 561, 608 N.E.2d 438 (1992).

The jury in this case did not render an absolutely irreconcilable verdict. As the trial court recognized, the use of the same verdict form to find the plaintiff more than 50% liable for her own injuries and to assess damages against the defendant created a verdict which could not stand only in the form it was delivered to the court, but not one that was absolutely irreconcilable. In recognizing the inconsistency, the court carefully polled each juror as to the plaintiff's fault and confirmed the jury's determination that plaintiff was 60% liable for her own injuries.  The fact that each juror repeatedly indicated to the court that the plaintiff was 60% liable, and the fact that the jury had reduced its award to plaintiff  by 60% on the verdict form before being polled left no doubt in the mind of the trial court as to the jury's intention. At this point, the court properly entered judgment consistent with the juror's findings and the law. See 
Western Springs Park District v. Lawrence
, 343 Ill. 302, 310-11, 175 N.E.2d 579 (1931)("If the meaning of the jury can be ascertained and a verdict on the point in issue can be made out the court will mold it into form and make it serve"). We find no abuse of discretion in the court's actions.

The cases in which irregularities in jury verdicts have been addressed support the trial court's decision not to award plaintiff a new trial. See e.g., 
Kleiss v. Cassida
, 297 Ill. App. 3d 165, 176-77, 696 N.E.2d 1271 (1998) (court "decline[d] to allow the plaintiffs a second chance" where jury verdict in favor of plaintiffs, but awarding no damages, logically amounted to a verdict for defendant and the jury "simply used the wrong verdict form"); 
Battles
, 240 Ill. App. 3d at 561 (where verdict is supported by evidence and pleadings, "it must be liberally construed and may be molded into form unless it is unclear or there is doubt as to its meaning"); 
Marek v. Stepkowski
, 241 Ill. App. 3d 862, 871, 608 N.E.2d 285 (1992) (because the "trial court may reject surplusage and mold a verdict into the proper form where the jury's resolution of the issues it was to decide is clear," the trial court properly ignored jury notations on verdict form); 
Argueta v. Baltimore & Ohio R.R.
, 224 Ill. App. 3d 11, 23-24, 586 N.E.2d 394 (1991)(court may correct defects of form in a verdict so long as it does not change jury's determination); 
Martin v. McIntosh
, 37 Ill. App. 3d 526, 529, 346 N.E.2d 450 (1976) (where jury did not fill out correct form to award punitive damages, court properly recognized jury's award of such damages in accordance with "long standing rule of law which permits a trial court to construe a jury verdict which is defective in form and enter judgment thereon if it is possible to determine the jury's intent by reference to the entire proceedings"); 
Hatfield v. Leverenz
, 35 Ill. App. 2d 222, 227, 182 N.E.2d 385 (1962)(where jury signed instruction and issued no separate verdict form, court was "of the opinion that the verdict returned was sufficient manifestation of the intention of the jury to find [for defendant], and that the trial court had the power to so construe the verdict and enter judgment"; see also 
Kessling v. United States Cheerleaders Assoc.
, 274 Ill. App. 3d 776, 778-80, 665 N.E.2d 926 (1995)(court properly entered judgment in accordance with jury's intent where jury filled out verdict form B but signed verdict form C). 

Plaintiff cites 
Wottawa Insurance Agency v. Bock
, 104 Ill. 2d 311, 472 N.E.2d 411 (1984), and 
Johnson v. Kirkpatrick
, 11 Ill. App. 2d 214, 136 N.E.2d 612 (1956), in support of her claim that a court may not choose between irreconcilable verdicts. Our review of these cases, however, shows that they actually support defendant's position because they illustrate the types of jury errors which will warrant setting aside a verdict. In 
Wottowa
, the jury determined in its count one verdict that a guarantee executed by defendant corporate officers was a corporate obligation, not a personal one. 
Wottowa
, 104 Ill. 2d at 212-13. At the same time, the jury assessed liability upon the officers in count two because they signed the guarantee with no intention of personally honoring it. 
Wottowa
, 104 Ill. 2d at 212-213. 

In 
Johnson
, the jury found negligence on the part of a tractor's owner, but none on the part of its driver, even though the owner's liability was solely premised entirely on the driver's conduct. 
Johnson
, 11 Ill. App. 2d at 216-17. 

Unlike the scenarios in 
Wottowa
 and 
Johnson
, the jury in this case did not make contradictory "findings."
 This fact distinguishes those cases from this one in which the jury rendered a consistent verdict on the wrong verdict form. 

Plaintiff appears to assert that because the jury found she was not responsible for $340,000 of her damages that she is entitled to receive this compensation, but the jury's assessment of her damages cannot be given effect under Illinois law. A similar argument was made in 
Marek v. Stepkowski
, 241 Ill. App. 3d 862, 608 N.E.2d 285 (1992) where the jury assessed damages of $150,000 against the two defendants (who were brothers) and wrote under the assessment "divided by both brothers $75,000." The appellate court rejected defendants' claims that the verdict was unclear, concluding that there was "no real doubt" that the jury had found defendants responsible for total damages of $150,000 and had attempted to apportion damages equally between them. 
Marek
, 241 Ill. App. 3d at 871. Therefore, the circuit court correctly ignored the jury's directive as "surplusage" and had properly molded the verdict into a regular form. 
Marek
, 241 Ill. App. 3d at 871.

Plaintiff  also argues that the jury’s verdict of 60% contributory negligence is against the manifest weight of the evidence and must be reversed. See 
Knight v. Haydary
, 223 Ill. App. 3d 564, 573, 585 N.E.2d 243 (1992).  In considering this argument, this court must examine the evidence in the light most favorable to the appellee.  
Knight
, 223 Ill. App. 3d at 573.  A jury's verdict is against the manifest weight of the evidence only where the opposite conclusion is clearly evident or when the verdict appears to be arbitrary or to be unsupported by the evidence.  
Knight
, 223 Ill. App. 3d at 573.

 
A review of the record, viewed in its light most favorable to the appellees, shows that several witnesses testified that plaintiff was moving quickly and not looking where she was going when the bus hit her. Jacobs, the bus driver, testified that when he realized plaintiff  would step into the street, he immediately applied his brakes, but it was too late to avoid striking her. A finding of 60% contributory negligence is therefore not against the manifest weight of the evidence.

Finally, plaintiff argues that it was trial error for the court to allow witness Andrew Plunkett to testify on cross-examination regarding why he shouted to her a moment before her accident. Plaintiff objected when defendant asked Plunkett, "[w]hy did you shout the warning to her?" The court overruled the objection and Plunkett stated that he did so because he “believed that she was unaware of the bus coming from the west, and that if she took another step *** there was going to be a collision.”

We agree that Plunkett's explanation as to why he shouted is of questionable relevancy. Some courts, however, have allowed a witness to describe another person's mental state as a means of effectively communicating the totality of the witness's impressions. See 
e.g.
, 
Zoerner v. Iwan
, 250 Ill. App. 3d 576, 580-82, 619 N.E.2d 892 (1993)(deputy's statement that plaintiff was delirious and disoriented was admissible); 
Law v. Central Public Service Co.
, 86 Ill. App. 3d 701, 705-06, 408 N.E.2d 74 (1980)(witnesses should have been permitted to testify that another person was afraid). It is usually considered to be within the trial court's discretion to admit such testimony. See R. Steigmann, 1 Illinois Evidence Manual §7.03 at 360 (3
rd
 ed. 1995)("Opinions of ordinary witnesses have been received about *** apparent physical, mental or emotional conditions or characteristics, and innumerable other things *** Considerable discretion is vested in the trial court"). 

Even if it was error for the court to allow Plunkett to state that he believed plaintiff was unaware of the bus, however, we cannot say that this testimony deprived plaintiff of a fair trial. See e.g., 
Schaffner v. Chicago & North Western Transportation Co
., 129 Ill. 2d 1, 17-18 (1989)(improperly admitted evidence was harmless in light of similar testimony from a variety of sources). Generally, jury verdict will not be reversed because of error in admission of evidence unless there has been denial of real justice. 
Holston v. Sisters of The Third Order of St. Francis
, 247 Ill. App. 3d 985, 999, 618 N.E.2d 334 (1993)
, 
affirmed
 165 Ill. 2d 150
, 650 N.E.2d 985 (1995). Plaintiff does not complain that the trial court allowed Plunkett to testify that he shouted at her before she was struck, only his elaboration as to the reason why he shouted. In our view, Plunkett's statement as to 
why
 he shouted did very little to bolster the defendant's case once the fact that he shouted to her before the accident was admitted. We therefore conclude that plaintiff was not denied a fair trial by the admission of Plunkett's testimony.

For the foregoing reasons, the judgment of the circuit court of Cook county is affirmed.

AFFIRMED.

CAMPBELL, P.J. and O'BRIEN, J., concur.

FOOTNOTES
1:
The jury itemized its damages finding as follows: Disfigurement - $50,000; Pain & Suffering (past) - $100,000; Pain & Suffering (future) - $200,000; Loss of Enjoyment of Normal Life (past) - $200,000; Loss of Enjoyment of Normal Life (future) - $200,000; Medical/Podiatric Expenses - $80,000; and Lost Wages - $20,000.