Mary A. McNulty, Appellant, v. Hotel Sherman Company, Appellee.

Gen. No. 38,051.

Heard in the second division of this court for the first district at the February term, 1935. Opinion filed May 24, 1935.

ROYAL W. IRWIN, of Chicago, for appellant.

HAMER & CAMPBELL, of Chicago, for appellee; CHESTER D. KERN, of Chicago, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

This is an appeal from an order of the superior court granting a new trial. Plaintiff brought an ac-

tion in tort to recover damages for personal injuries sustained by reason of a fall in the lobby of defendant's hotel, resulting in a compound fracture of her right wrist. Trial was had by jury, resulting in a verdict for plaintiff in the sum of $4,000. Thereafter, defendant entered a motion in writing for judgment notwithstanding the verdict, which was overruled, and also a motion for a new trial specifying 12 separate grounds, which the court allowed after plaintiff had in open court declined to remit the sum of $2,000 from the amount of the verdict, as requested by the court. Having first obtained leave to prosecute this appeal plaintiff seeks to set aside the order granting a new trial and asks that judgment be here entered on the verdict. The order awarding defendant a new trial and from which this appeal is prosecuted is as follows:

"This cause coming on to be heard upon the motion of the defendant for a new trial in this cause, and the court now requests plaintiff to remit the sum of two thousand dollars from the amount of the verdict and judgment entered in this cause and that if the plaintiff shall remit said sum as requested the court will deny a new trial to the defendant, and the plaintiff having declined in open court to remit said sum of two thousand dollars from the amount of the verdict of the jury, the defendant's motion for a new trial in this cause is sustained and a new trial is awarded and the judgment heretofore entered herein and on the second day of October, A. D. 1934, is vacated and set aside and held for naught, and this cause is set for trial on January 21, 1935, at the head of the call for that day."

Under the authorization of section 3 of the Civil Practice Act (Cahill's Ill. Rev. St. 1933, ch. 110, ¶ 131) a tentative schedule of rules of court was prepared and submitted. Subsections 1 and 2 (c) of this

schedule, Cahill's St. ch. 110, ¶ 240, contained the following provisions:

(Sub-section 1) "Each appellee, and each co-party who did not join as appellant, shall within ten days after service of notice of appeal, serve a notice of appearance upon each party or attorney or firm of attorneys who signed the notice of appeal and file a copy thereof in the lower court."

(Sub-section 2c) "If the appellee desires to appeal from all or any part of the judgment, decision, order or decree, he shall so indicate in his notice of appearance, under a division of such notice entitled 'Cross-appeal,' which division shall be prepared in the same form required for appellant's notice of appeal, with a specification, except in appeals from the Appellate to the Supreme Court, of any additional items to be incorporated in the record on appeal."

When the Supreme Court adopted its rules of court (355 Ill. 34, 35) thus superseding the schedule originally prepared, its rule 35 (1) incorporated subsection 2 (c), using the identical language, and added the following:

(Sub-section 4) "Wherever the notice of appearance shall indicate an intention to prosecute a cross-appeal, or a separate appeal by a co-party, such notice of appearance, in addition to being served upon each party or attorney or firm of attorneys who signed the notice of appeal, shall also be served upon any other person or officer entitled by law to a notice of appeal."

Defendant complied with the statutory provision requiring that notice of appearance be served and filed, but it failed to include in the notice or to indicate therein its intention to prosecute a cross appeal. It is urged that in this state of the record the only question open to review is whether the trial court erred in requiring a remittitur, and that after examining the question of damages to determine whether or not the

verdict was excessive, we should either enter judgment here for the amount awarded plaintiff by the jury or remand the cause and limit the new trial to the assessment of damages. In support of her position plaintiff argues that the trial court indicated its willingness to enter judgment in her favor if she would consent to a remittitur, and by so doing ruled that plaintiff had made out a case which was supported by the evidence and that no errors had intervened in the trial; that defendant was satisfied with that ruling, and took no exceptions thereto; that in order to have preserved any objection to the rulings on evidence or other matters occurring during the trial defendant, after being notified of the appeal in accordance with the provisions of the statute, should have filed notice of a cross appeal, and having failed so to do is barred from raising any question that might affect the validity of the court's order other than the excessiveness of the damages.

The Civil Practice Act being of recent enactment, the novel question presented is whether defendant's failure to prosecute a cross appeal precludes it from urging every ground and exception in the record entitling it to a new trial. The New York and New Jersey authorities cited by defendant hold, under similar circumstances, that on appeal the reviewing court is not confined to the ground upon which the decision below is based, but will consider every reason urged by the prevailing party which would entitle him to a new trial. (*Waldron v. City of Utica,* 238 N. Y. S. 401; *Logan v. Guggenheim,* 230 N. Y. 19; *City of Buffalo v. DeBon,* 249 N. Y. S. 586; *Wolfert v. Edison,* 169 N. Y. S. 484; *Queen v. Jennings,* 93 N. J. L. 353, 108 Atl. 379; *Sussman v. Yellow Taxi Cab Co.,* 7 N. J. Misc. 325, 145 Atl. 470.) It does not appear from these decisions, however, nor from defendant's brief, whether the rules of court of these two States contain

provisions similar to ours relating to cross appeals. McCaskill's Illinois Civil Practice Act, annotated, prepared under the direction of the Illinois State Bar Association, states (p. 401) that section 112 of the tentative schedule of rules of court (which as heretofore stated was superseded by rule 35 of the rules of the Supreme Court) takes the place of section 107 of the Practice Act of 1907, dealing with cross errors, and that instead of assigning cross errors as under the former act the appellee, by subsection 2 (c) of section 112 takes a cross appeal.

The circumstances under which the assignment of cross error was necessary under the Act of 1907 is discussed at length in the opinion by Mr. Justice Cartwright in *Pelouze v. Slaughter,* 241 Ill. 215, wherein (beginning on p. 224) he reviewed the development of the function and purposes of cross errors, as follows:

"The purpose of the statutory assignment of cross-errors is to enable the court to finally decide the controversy without necessitating a separate appeal or writ of error. Formerly there was no right to assign cross-errors, but any party deeming himself aggrieved by a judgment or decree was compelled to take an appeal or sue out a writ of error. An appellee or defendant in error was not allowed to assign cross-errors except with the consent of the appellant or the plaintiff in error. (*Smith v. Sackett,* 15 Ill. 528.) In *Carter v. Moses,* 40 Ill. 55, the appellee asked leave to assign cross-errors, but the court said that in a chancery case an appeal brought the whole case before the court and it would be considered upon its merits without the assignment of cross-errors. In any case a party was permitted to prosecute a writ of error although the opposite party had appealed from the same judgment, and one of the proceedings did not affect the other but both might progress at the same time. (*Harding v. Larkin,* 41 Ill. 413.) In 1869 an act was passed which

provided that the appellee or defendant in error should have the right to assign cross-errors, and the court should proceed in the disposition of the case in the same manner as when cross-errors were assigned by consent. (Laws of 1869, p. 163.) Afterward, in *Page v. People,* 99 Ill. 418, where the question arose on demurrer to a plea in bar of the writ of error, it was held that it was optional with an appellee or defendant in error to assign cross-errors or prosecute an appeal or writ of error separate and independent of that of his adversary; that if a party assigned cross-errors he could not afterward prosecute a writ of error upon the same record, but if he did not assign cross-errors he was not barred from prosecuting a writ of error. In general, the cases holding that a party can only protect his right by assigning cross-errors have been where the decree or judgment did not give the party all the relief that he claimed or gave to his adversary more than he was considered entitled to, and where the appellee or defendant in error might have taken an appeal or prosecuted a writ of error. Examples will be found in *Johnston v. Maples,* 49 Ill. 101, where the appellees claimed a larger amount than was awarded them by the decree. *Pool v. Decker,* 92 Ill. 501, where the appellees, without assigning cross-errors, asked the court to review a finding that there was nothing due on account of rents when an allowance ought to have been made on that account. *Gage v. Davis,* 129 Ill. 236, where the appellee insisted that the amount required to be paid as a condition to vacating the deeds was too large. *Haigh v. Carroll,* 209 Ill. 576, where the appellee sought to question allowances to the receiver. *Rodman v. Quick,* 211 Ill. 546, in which case the appellees argued that the court ought not to have given the right of redemption; and *Penn Plate Glass Co. v. Rice Co.,* 216 Ill. 567, and *Street v. Thompson,* 229 id. 613, where the

appellees attempted to question the refusal of the trial court to allow interest. Other cases of the same kind are *Hurd v. Ascherman,* 117 Ill. 501; *Hollingsworth v. Koon,* id. 511, and *Vose v. Strong,* 144 id. 108. If a party has not obtained all that he deems himself entitled to he may appeal, but not where he gets all that he claims. (*Gray v. Jones,* 178 Ill. 169; 2 Ency. of Pl. & Pr. 157.) The statutory assignment of cross-errors, like the assignment of errors, is the pleading of the party and sets forth the grounds upon which the appellee or defendant in error seeks a reversal of the judgment or decree. The natural conclusion would be that such an assignment is only required where a party seeks a reversal of a decree or judgment and might have appealed or sued out a writ of error.''

Defendant, having prevailed in the lower court and not being in any way aggrieved by the court's order or any part thereof, could not have appealed or sued out a writ of error, and, therefore, by analogy, would not have been required to assign cross errors under the Act of 1907. Since rule 35 which supersedes section 112 of tentative schedule of rules relating to cross appeals takes the place of section 107 of the former act relating to cross errors, defendant is not required to prosecute a cross appeal from a motion granting a new trial.

When an appeal from such an order is allowed it will be considered the same as any other appeal under the provisions of the Civil Practice Act. The reason stated in the order for granting a new trial is not controlling, and when the whole record is brought up on appeal defendant should be allowed to urge any ground upon which it relied in the lower court to sustain the order or judgment. Accordingly, we hold that defendant herein may here urge every ground and exception preserved in the record entitling it to a new trial.

Plaintiff refuses to meet any of the other points raised by defendant in support of the order granting a new trial, but relies solely on defendant's failure to prosecute a cross appeal, and discusses only the injuries sustained by plaintiff and the amount of the verdict. In view of plaintiff's attitude, we deem it unnecessary to pass upon the merits of the many grounds urged by defendant in support of the trial court's action in granting a new trial. The order of the circuit court is affirmed.

*Order of circuit court granting a new trial affirmed.*

SCANLAN and SULLIVAN, JJ., concur.