**Harvey Kimmel, Plaintiff-Appellant, v. William Hefner, Defendant-Appellee.**

Gen. No. 62–F–9.

Fourth District.

May 18, 1962.

Leonard J. Dunn, of West Frankfort, for appellant.

Hart & Hart, and B. W. Eovaldi, of Benton, for appellee.

SCHEINEMAN, J.

This suit involved two plaintiffs, husband and wife, both claiming damages as a result of the same collision. The jury returned a verdict for the wife in the sum of $13,000 but said nothing about the husband's claim. The court informed them they were required to bring in two verdicts and retired them again. When they returned the second time, there was no change in the wife's verdict, but as to the husband, the verdict read:

"We, the jury, find in favor of the plaintiff, Harvey Kimmel and against the Defendant. We assess the damages in the sum of $ No damages."

The trial court accepted the verdict, without any explanation from the jury, and entered judgment for this plaintiff for costs only. His post-trial motion asked only for a new trial as to his claim, and only on the question of damages. The motion was denied, and this appeal was perfected only as to the verdict and judgment for this plaintiff. There is no cross-appeal, so the verdict and judgment for Mrs. Kimmel are not before this court.

The incident involved was a rearend collision. Plaintiff was driving, with his wife beside him, going down a long slope, when defendant came over the crest of the hill and ran into the rear of plaintiff's car. According to plaintiff the collision occurred about 1000 feet from the crest of the hill. The defendant was traveling at high speed, but not violating the speed limit. This plaintiff was, from all indications, traveling at a low speed, perhaps 30 or 35 mph, although he had made various estimates of his own speed, so it is left rather vague.

The wife was seriously injured, with several periods in the hospital, aggregating about 30 days, and is so disabled as to be unable to perform all the necessary housekeeping.

Mr. Kimmel's injuries were comparatively slight. He had no fractures or cuts and received no medication. He complained of pain and the doctor who was treating the wife also examined him. The doctor said he kept no separate record of services for the husband, since he was always with the wife, and the total of services for him would be three or four office calls.

Mr. Kimmel made no claim for damages to his car, nor did he ask anything for the medical expenses of his wife. His claims were limited to his own personal injuries, and for the loss of services and consortium of his wife. He testified he had paid out 60 or 70 dollars for household help, besides assistance from relatives

139

and his own efforts. At the time of the trial he was 75 and his wife was 71.

We have no means of knowing whether the jury decided the allowance of $13,000 to Mrs. Kimmel was sufficient benefit to Mr. Kimmel to offset his damages, or whether his claims seemed unreasonable to them, in view of the severity of the wife's injuries, or whether they believed Mr. Kimmel was partly responsible for the collision, but feared to find for defendant lest that might jeopardize the wife's case.

Plaintiff argues that, since the jury found in his favor, they are required to award him some compensation, even though the actual amount may be small. The cases cited are those in which a jury evidently compromised the amount with the liability and returned a sum much smaller than the proof required. These verdicts were reversed and the cases remanded for a complete new trial. Kinsel v. Hawthorne, 27 Ill App2d 314, 169 NE2d 678; Montgomery v. Simon, 309 Ill App 516, 33 NE2d 642; Luner v. Gelles, 314 Ill App 659, 42 NE2d 313.

The defendant relies mainly on the rule that the trial judge has the right to interpret a jury verdict, and enter a judgment according to the intent, disregarding formal defects. Cases cited are, Bencie v. Williams, 337 Ill App 414, 86 NE2d 258; Western Springs Park Dist. v. Lawrence, 343 Ill 302, 175 NE 579; Malott v. Howell, 111 Ill App 233; People v. Tierney, 250 Ill 515, 95 NE 447; Warnes v. Champaign County Seed Co., 5 Ill App2d 151, 124 NE2d 695; Law v. Sanitary Dist. of Chicago, 197 Ill 523, 64 NE 536; Schwehr v. Badalamenti, 14 Ill App2d 128, 143 NE 2d 558.

In general, these cases hold that the trial judge may consider the whole record as it was presented to the jury, and interpret the verdict in that light. The judge may then enter judgment in accordance

with the jury's intention, disregarding the defective form.

The actual verdict before us, considered by itself, might come within this principle. A finding for a party but awarding no damages is not rare. In other states the result on appeal has varied, with many conflicting decisions. In some states it is ruled the judge should have required the jury to return a proper verdict. Others rule that the verdict is void and a new trial is required.

In some states, it is held that "no damages" and $1 verdicts in favor of plaintiff should be construed actually as verdicts for defendant. One of these held: "Courts should ignore legalistic reasoning in interpreting the effects of the jury's finding and substitute in its stead practical common sense." Royal Indemnity Co. v. Island Lake Twp., 117 Minn 408, 225 NW 291.

The only Illinois case cited to us on this subject is Chapin v. Foege, 296 Ill App 96, 15 NE2d 943, in which the court did use a common sense approach. It was a tort case involving complaint and counterclaim. As to plaintiff, the jury found defendant guilty and assessed damages at "no dollars," and made a similar finding as to the counterclaim. The verdicts were construed as finding "not guilty" on both claims.

This was certainly common sense, as the result was obviously due to the layman's aversion to finding a person not guilty, when all are agreed he was guilty of negligence, although the other party is not entitled to maintain his suit.

Of course, the defendant argues that the intention of the jury to find against Mr. Kimmel's claim is clear, since they first returned no verdict as to him, and when required to do so by the court, they said "no damages."

■ The Illinois cases on the judge's authority to interpret, and the holding that common sense should prevail over legalistic forms, furnished some basis to support the judgment. The jury may have intended a not guilty verdict on the theory that this plaintiff was not free from contributory negligence. We hesitate to dispose of the case on this ground alone, since there appears to us the possibility the jury intended to disregard the instructions of the court, and deliberately return inconsistent verdicts. If this latter were the fact, then it is our opinion both verdicts should have been disregarded and a new trial ordered as to both claims. Gray v. Brooklyn Heights R. Co., 175 NY 448, 67 NE 899; Keith v. Appelberg, 77 NYS2d 349.

■ The jury may have considered the award to the wife as adequate to the family, and denied a separate recovery to the husband for that reason, hence, the failure on the first time to return any verdict on his claim. But if that were the fact, then it would be manifestly unfair to reverse and order a new trial as to the husband's claim alone, without the possibility of adjusting the other verdict to fit.

In Giddings v. Wyman, 32 Ill App2d 220, 172 NE2d 651, this court held: "When the jury has been correctly instructed upon the measure of damages, as was the case here, and it is not claimed nor shown that the size of the verdict, whether large or small, clearly indicates it was the result of passion or prejudice upon the jury's part, and there is no evidence of this anywhere in the record, the award should not be disturbed, unless the objective evidence positively and unequivocally shows that damages, clearly proven, have been overlooked as in the cases of Montgomery v. Simon, 309 Ill App 516, 33 NE2d 642 and Browder v. Beckman, 275 Ill App 193."

Considering the two verdicts together we cannot say that damages clearly proven have been overlooked,

they may have been considered and the single verdict regarded as covering both claims. Since this court cannot disturb the verdict as to the wife, the judgment on the separate claim of the husband is affirmed.

Judgment affirmed.

HOFFMAN, P. J., concurs.

CULBERTSON, J., dissents.