ALBERT SCOTT, Plaintiff-Appellant—(LAURA SCOTT, Plaintiff), v. DOROTHY FITE, Defendant-Appellee.

(No. 11536;

Fourth District—October 4, 1972.

John W. Hoefert, of Alton, for appellant.

Denby & Dobbs, of Carlinville, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:
In actions for the personal injuries to the several parties, the jury re-

turned a verdict for the defendant, Fite, upon the complaint of Albert Scott, and a verdict in favor of Fite upon her counterclaim against Albert Scott. The court entered judgments upon the verdicts. Scott appeals only the verdict against him upon Fite's counterclaim.

The jury also returned a verdict in favor of Laura Scott, a passenger in the car driven by Albert Scott, upon her complaint against Fite. The trial court found that such verdict was "against the manifest weight of the evidence", and ordered a new trial upon that complaint. This order is not on appeal. The court also found that there was no just cause to delay the appeal by Albert Scott.

The principal issue presented is whether the verdict in favor of Fite upon the counterclaim against Albert Scott is so inconsistent with the verdict in favor of the passenger, Laura Scott, as to require a new trial.

■■ Upon the issues under the complaint of Albert Scott and the counterclaim of Fite, the latter was found not negligent and free from contributory negligence. Upon the Laura Scott verdict, the jury determined that Fite was guilty of negligence proximately causing the injuries. The same jury made the disparate findings upon the facts incident to one collision of two automobiles. The common factor in the two verdicts is the conduct of Fite in the operation of her vehicle. Fite's post-trial motion tendered to the court the issue of judgment *n.o.v.* as to the verdict in favor of Laura Scott against Fite. He refused such judgment but ordered a new trial upon the finding that the verdict was against the manifest weight of the evidence. Such ruling is in the sound discretion of the trial court. *Keen v. Davis*, 108 Ill.App.2d 55, 246 N.E.2d 467.

■■ This court held that inconsistent verdicts did not require a new trial in *Martin v. McCarry*, 2 Ill.App.3d 650, 275 N.E.2d 897. That case, however, dealt with the respective duties in the operation of three vehicles. In that case we followed the ruling that the same jury considering a single set of facts cannot reach two different conclusions in their verdicts which will support valid judgments unless the opposite and inconsistent conclusions are reconcilable under applicable rules of law.

While not precisely analogous in terms of procedure, the reasoning in *Freeman v. Chicago Transit Authority*, 33 Ill.2d 103, 210 N.E.2d 191, establishes a principle to be followed. In such case the jury returned general verdicts for the plaintiffs in a personal injury action, but upon a special interrogatory answered that the bus driver was not guilty of negligence which was the proximate cause of the injury. The trial court set aside the special verdict as being contrary to the "manifest weight" of the evidence. While we are not presently concerned with the rule that a special verdict controls a general verdict, here, as in *Freeman*, the contradictory conclusions reached by the jury after the consideration of

identical facts suggests that the jury misunderstood the issues or disregarded the court's instructions.

We recognize that the verdict in favor of Laura Scott against Fite is not on appeal, but pends upon the court's order of a new trial. In such posture it differs from the problem found in *Kimmel v. Hefner*, 36 Ill. App.2d 137, 183 N.E.2d 13. There the jury returned a verdict in favor of plaintiff wife for personal injuries, but as to the husband's action for damages arising from the wife's injury, the verdict returned was "no damages". Only the latter judgment was appealed. The court concluded that the jury could have regarded the single verdict as covering all damages proven for both husband and wife, and that since the verdict of the jury for the wife could not be disturbed, the judgment on the husband's claim would be affirmed. (See also *Manders v. Pulice*, 102 Ill. App.2d 468, 242 N.E.2d 617, and 44 Ill.2d 511, 256 N.E.2d 330.) Here, the verdicts at issue are viable and upon remand we are not disturbing a judgment that has become final.

■■ We note that the judgment entered in favor of Fite upon the complaint of Albert Scott is not on appeal. That verdict is consistent with the evidence upon the issue of the contributory negligence of Albert Scott. Scott contends that Fite was guilty of contributory negligence as a matter of law in failing to drive off the road to let Scott pass. There is no merit in the contention. Such argument could be made to make either party entirely at fault. We have reviewed this issue as under Rule 23 and have determined that Scott is not entitled to judgment notwithstanding the verdict within the rule of *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.

■■ No complaint or argument is made that the damages awarded Fite are either excessive or inadequate. Accordingly, the judgment entered in favor of the counter-claim of Fite against the counter-defendant, Albert Scott, is reversed and the cause is remanded for a new trial upon the issue of liability only.

Reversed and remanded.

CRAVEN and SIMKINS, JJ., concur.