ADRIENNE KERULIS, Plaintiff-Appellee, *v.* THOMAS TATERA *et al.,* Defendants.—(WARNING LITES OF ILLINOIS, INC., Defendant-Appellant.)—ROBERT R. ANDERSON CO. *et al.,* Cross-Plaintiff-Appellee, *v.* WARNING LITES OF ILLINOIS, INC., Cross-Defendant-Appellant.

First District (3rd Division)   Nos. 76-603, 76-831 cons.

Opinion filed November 23, 1977.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, of counsel), for appellant.

Crooks, Gilligan & Kages, of Chicago (Leo J. Doyle, John W. Gilligan, and Laurence J. Dunford, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The first point in this appeal involves an alleged inconsistency in verdicts returned in an automobile accident case. The jury found the defendant Warning Lites liable as to the passenger in the automobile, Adrienne Kerulis, assessing damages in the amount of $30,000, but found

the defendant, Anderson-Corbett Joint Venture (Anderson-Corbett), not liable to Kerulis. The same jury found Anderson-Corbett liable to the driver cross-plaintiff, Thomas Tatera, and assessed damages at $7000. Tatera made no claims against Warning Lites. Only the defendant Warning Lites presents an appeal on this issue. There were other parties involved in the lawsuit, but since the disposition of those cases have no bearing on this proceeding we will not refer to them except to say that the court directed a verdict in favor of Tatera and against Kerulis on her claim against him. An appeal concerning contractual indemnity between Warning Lites and Anderson-Corbett will be considered at a subsequent point in this opinion.

Tatera was the driver of an automobile traveling southbound on Frontage Road in Du Page County, the plaintiff, Kerulis, was a passenger in the right front seat. Their car struck mounds of dirt where Frontage Road ended. Frontage Road was part of a large reconstruction contract for which Anderson-Corbett was the contractor. Under its contract with the State of Illinois, Anderson-Corbett assumed certain responsibilities for the maintenance of barricades and signs at the project. With the permission of the State the barricading and highway protection section of the contract was subcontracted to Warning Lites. In Kerulis' action the jury was instructed that she alleged both Warning Lites and Anderson-Corbett were negligent in failing to properly warn motorists of the dead-end of Frontage Road. Tatera made substantially the same allegations but only against Anderson-Corbett. The exact details are not pertinent to our opinion. None of the parties contest the fact that there was sufficient evidence presented by Kerulis and Tatera to sustain these allegations.

Warning Lites asks that the judgment entered in favor of Kerulis and against Warning Lites be reversed because of the alleged inconsistencies in the verdicts or in the alternative that the cause be remanded for a new trial. Warning Lites contends that it is entitled to a new trial because the jury demonstrated that it was confused by the inconsistency of finding Anderson-Corbett not liable in the matter brought by Kerulis, who was only a passenger in the vehicle, while finding Anderson-Corbett liable to Tatera who was the driver. Since the common factor in the two verdicts is the conduct of Anderson-Corbett with respect to the barricading of the end of Frontage Road the verdicts finding Anderson-Corbett negligent as to the driver of the automobile but not negligent as to the passenger are inconsistent.

Warning Lites cites the cases of *Scott v. Fite* (1972), 7 Ill. App. 3d 672, 288 N.E.2d 61, and *Johnson v. Kirkpatrick* (1956), 11 Ill. App. 2d 214, 136 N.E.2d 612. *Scott* involved an accident between a car driven by Albert Scott with Laura Scott as a passenger and another car driven by Fite. The jury found Fite liable to Laura Scott. However, the jury also found Albert

Scott liable to Fite and Fite not liable to Albert Scott. Only Albert Scott appealed the judgment entered against him. The court noted that the jury found Fite not negligent and free from contributory negligence by virtue of the finding in his favor and against Albert Scott but also found Fite negligent on the same conduct by reason of the verdict in favor of Laura Scott and against Fite. The court observed that the same jury considering a single set of facts cannot reach two different conclusions in their verdicts which will support valid judgments unless the opposite and inconsistent conclusions are reconcilable under applicable rules of law. The appellate court reversed and remanded the case of Albert Scott for a new trial. The trial court had already ordered a new trial for Laura Scott.

In *Johnson* the plaintiff's decedent was a passenger in a car involved in an accident with a truck. The jury found the defendant employer liable to the plaintiff but found the defendant employee driver of the truck not liable. The trial court granted the employer's motion for judgment notwithstanding the verdict and denied the plaintiff's motion for a new trial. The appellate court found the verdicts to be inconsistent and, since there was evidence which if believed would entitle the plaintiff to a judgment, reversed both the judgment notwithstanding the verdict and the denial of the plaintiff's motion for a new trial.

■■ Kerulis makes no attempt to distinguish the cited cases but responds that in the present situation each plaintiff was represented by a different attorney and sued on different theories of negligence. There is no elucidation as to what the separate theories were nor the significance of the fact that there were different attorneys. We do not find that there are different theories in the instant action. The charges of negligence by both Kerulis and Tatera are indistinguishable. The conduct of Anderson-Corbett was the same as to both Kerulis and Tatera. The duty owed by Anderson-Corbett was the same as to both Kerulis and Tatera. The only possible distinction concerns the contributory negligence of Kerulis and Tatera. It cannot be concluded that the passenger here was contributorily negligent while the driver was not. The verdicts are inconsistent and Warning Lites, consequently, is entitled to a new trial.

The second point on appeal concerns the judgment entered against Warning Lites in the amount of $22,892.10 in favor of Anderson-Corbett. The circumstances leading to the judgment order are rather unusual. Anderson-Corbett filed a cross-complaint against Warning Lites alleging that the parties had entered into a contract whereby Warning Lites agreed to furnish necessary labor, material and equipment for traffic protection in connection with certain road construction work in Du Page County. As part of that contract Warning Lites agreed to indemnify Anderson-Corbett under certain conditions. The jury was never instructed on this complaint nor was a verdict form submitted. However, the jury was

given a special interrogatory which asked whether Anderson-Corbett was entitled to indemnity from Warning Lites. It answered yes. Sometime after the trial Anderson-Corbett filed a motion seeking judgment against Warning Lites in the amount of the judgment that had been entered against Anderson-Corbett on the complaint of Tatera, $7000. They also asked for costs and to set the case for a hearing to determine court costs and fees. A judgment was entered by the court sometime thereafter in favor of Anderson-Corbett and against Warning Lites in the amount of $22,892.10. The record does not reveal how this amount was determined nor is any point made on appeal concerning the amount.

Warning Lites contends that Anderson-Corbett's own negligence precludes any recovery under the indemnification clause of the contract with Warning Lites and in any event that the judgment in favor of Anderson-Corbett is improper because no general verdict was returned. Our disposition of the case on first argument obviates the need to consider the effect of the absence of a general verdict.

■■■ The pertinent provision of the contract providing for indemnity reads:

> "The Subcontractor [Warning Lites] further specifically obligates himself to the Contractor [Anderson-Corbett] in the following respects, to wit: * * * (b) to indemnify the Contractor against and save him harmless from *any and all claims, suits or liabilities* for injuries to property, injuries to persons including death and from any other claims, suits or liabilites *on account of any act or omission of the Subcontractor [Warning Lites] or any of his officers, agents, employees or servants; * * *.*" (Emphasis added.)

At issue here is whether the cited language of the contract between Warning Lites and Anderson-Corbett meets the test as is stated in *Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.* (1946), 395 Ill. 429, 70 N.E.2d 604: "It is quite generally held that an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of the contract, [citations] or such intention is expressed in unequivocal terms." (395 Ill. 429, 433.) This test was reiterated in the more recent cases of *Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 294 N.E.2d 272, 273, and *Zadak v. Cannon* (1974), 59 Ill. 2d 118, 319 N.E.2d 469. As the court in *Tatar* noted, contractual provisions involved are so varied that each must stand on its own language and little can be gained from an attempt to analyze, distinguish or reconcile a decision. The contract in the instant case provides that Warning Lites is required to indemnify Anderson-Corbett "on account of any act or omission of [Warning Lites]." The contract does not clearly and specifically provide

that Warning Lites will indemnify Anderson-Corbett for Anderson-Corbett's own acts of negligence nor is such an intention expressed in unequivocal terms. For this reason, the judgment of the circuit court of Cook County in favor of Anderson-Corbett and against Warning Lites must be reversed.

Anderson-Corbett cites the case of *Ahlvaers v. Terminal R.R. Association* (1975), 31 Ill. App. 3d 166, 334 N.E.2d 329. Specifically Anderson-Corbett notes certain language of the opinion generally referring to the interpretation of the contract there. However, the *Ahlvaers* court specifically found that they were not called upon to construe the contract of indemnity to determine if it provides indemnity against the negligence of the indemnitee. In the instant case, we are called upon to determine if the language of the contract provides for indemnification and against the negligence of the indemnitee, Anderson-Corbett. As we have already indicated we believe it does not so provide.

Anderson-Corbett also contends that since the president of Warning Lites testified that they were to be responsible for the maintenance of all traffic control devices and continuous surveillance and that the jury by its verdict in favor of Kerulis and against Warning Lites found that Warning Lites did not perform its job that the intention of the parties is clear that Warning Lites is responsible under the wording of the contract. Indemnity contracts must be construed according to the principle enunciated in *Westinghouse* and followed in the *Tatar* and *Zadak* cases. As was stated earlier, this contract fails to do so.

The judgment of the circuit court of Cook County in favor of Kerulis and against Warning Lites is reversed and the matter is remanded for a new trial. The judgment of the circuit court of Cook County in favor of Anderson-Corbett against Warning Lites is reversed.

Reversed and remanded in part.

Reversed in part.

McNAMARA and McGILLICUDDY, JJ., concur.